IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE DAVIS LEWIS,

      Plaintiff,

v.                                                    No. CIV 05-1144 BB/RHS

CRAIG SMITH and FRANK TROUP,

      Defendants.

MEMORANDUM OPINION
AND
ORDER DISMISSING COMPLAINT

      THIS MATTER is before the Court on Defendants' *Motion to Dismiss* [doc. #4] the complaint with prejudice. The Court having reviewed the pleadings and prior related actions, finds the motion is well taken and should be Granted.

*Discussion*

      This is the third lawsuit Plaintiff has filed alleging the same claims and causes of action arising out of the termination of her employment at The Downs at Albuquerque. Plaintiff's first suit was filed in this Court against The Downs at Albuquerque on December 10, 2002, and was docketed as CIV 02-1550 BB/WWD. Plaintiff alleged causes of action for national origin discrimination in violation of Title VII and for spoliation of evidence. This Court, per Herrera J., granted summary judgment on March 4, 2005, on the merits of Plaintiff's spoliation of evidence claim and ruled that the Title VII claim was untimely because it was not filed within 90 days as required by 42 U.S.C. § 2000e-5(f)(1). Plaintiff appealed the final judgment of

dismissal to the Tenth Circuit Court of Appeals on April 4, 2005. (No. 05-2100). However, the Tenth Circuit dismissed Lewis' appeal for lack of prosecution on January 20, 2006.

Plaintiff filed a second complaint for discriminatory termination of employment against The Downs at Albuquerque on August 5, 2004, in the Second Judicial District Court of New Mexico. In the second action, Plaintiff asserted a single cause of action under 42 U.S.C. § 1981 for race discrimination. The Downs at Albuquerque removed the case to this Court on July 1, 2005. That case was docketed in this Court as CIV 05-733 LH/LCS. Judge Herrera issued a Memorandum Opinion and Order dismissing on the basis of res judicata. On February 23, 2006, a final order was entered dismissing the second complaint with prejudice.

On October 27, 2005, Plaintiff filed her third complaint again alleging the same facts leading and again asserting a claim under 42 U.S.C. § 1981. The only difference between the present suit and the second claim filed by Plaintiff is the identity of Defendants. In the second suit, Plaintiff named The Downs at Albuquerque while here, Plaintiff named Craig Smith and Frank Troup, supervisory employees of The Downs at Albuquerque, whose actions were the alleged basis of Plaintiff's first two complaints. Indeed, the allegations in all three complaints are virtually identical.

> 14. Plaintiff was falsely accused of leaving her duty post during the time that she was assisting the elderly customer;
>
> 15. When Plaintiff asked Frank Troup, her supervisor, to discuss the reasons for terminating her employment with her, Troup stated, "You fucking Mexicans are all the same," or words of similar effect, and walked off. Troup would not answer Plaintiff's inquiries;
>
> 16. Frank Troup's comments to the Plaintiff were the culmination of many incidents of discrimination against Hispanic employees at the Downs at Albuquerque in which Troup was involved;

>    **17.     Troup was directly involved and instrumental in Plaintiff's being fired from her job as the result of the false charge that she had abandoned her duty post;**

**Defendant Craig Smith was apparently added as an afterthought to the prior actions as the only allegation against him reads:**

>    **18.     Upon information and belief, Defendant Smith was the individual who ultimately ratified Ms. Lewis' termination.  He did so despite his knowledge of Defendant Troup's animosity towards Hispanics.**

**Complaint for Discriminatory Termination of Employment at 3-4.**[1]

**Initially, there is doubt such an allegation would state a cognizable claim under 42 U.S.C. § 1981.**[2]  **However, the real question is whether res judicata or one of its colloraries precludes this third variation on Plaintiff's theme.  Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim.** *Myers v. Olson*, **676 P.2d 822, 824 (N.M. 1984).  The doctrine of collateral estoppel precludes relitigation of issues actually resolved on the merits even though the party asserting the judgment was not a party to the prior suit.** *Lujan v. U.S. Dept. of Interior*, **673 F.2d 1165 (10th Cir. 1982).**

**This case is identical to Plaintiff's second suit, CIV 05-733, except that Plaintiff named two supervisory employees rather than the corporate employer as being responsible for her termination.  Where supervisory employees are acting as the corporation, they legally act "in privity" with their employer.** *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, **878 F.2d 1271, 1276 (10th Cir. 1989).  This claim is thus barred by res judicata.** *Smolensky v. McDaniel*, **144**

---

[1]  These allegations are verbatim from ¶¶ 9-12 in the first claim, 02CV1550, and ¶¶ 11-14 in the second suit, 05CV733.

[2]  *Villodas v. HealthSouth Corp.*, 338 F. Supp. 2d 1096 (D. Az. 2004); *Allen v. City of Chicago*, 828 F. Supp. 543 (N.D. Ill. 1993).

F. Supp. 2d 611, 615 (E.D. La. 2001); *Womack v. American Tel. & Tel. Co.*, 982 F. Supp. 1460, 1463 (M.D. Ala. 1997); *Talano v. Bonow*, 2002 WL 31061198 (N.D. Ill.). Moreover, the doctrine of defensive collateral estoppel may be applied where, as here, the defendant seeks to preclude the plaintiff from relitigating an issue the plaintiff has previously litigated and lost, regardless of whether the defendant was in privity. *Silva v. State*, 745 P.2d 380 (N.M. 1987).

### ORDER AND JUDGMENT

For the above stated reasons, Defendants' *Motion to Dismiss* is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice.

SO ORDERED this 7th day of April, 2006.

                                                                    _____
                                                                    **BRUCE D. BLACK**
                                                                    **United States District Judge**

For Plaintiff:
    Dennis W. Montoya, MONTOYA LAW, INC., Albuquerque, NM

For Defendants:
    Emily A. Franke, Raul P. Sedillo, BUTT THORNTON & BAEHR, Albuquerque, NM